806 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Virgil D. HARVEY, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor, Respondent.
 No. 85-1201.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 10, 1986.
Decided Nov. 24, 1986.
 
 On Petition for Review of an Order of the Benefits Review Board. (BRB No. 81-921 BLA).
 H. John Taylor on brief, for petitioner.
 Michael J. Denney, U.S. Department of Labor (Francis X. Lilly, Solicitor of Labor; Donald S. Shire, Associate Solicitor; J. Michael O'Neill, Counsel for Appellate Litigation on brief), for respondent.
 Ben.Rev.Bd.
 AFFIRMED.
 Before WINTER, Chief Judge, CHAPMAN, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Virgil Harvey, a 72 year-old former coal mine worker who ceased his employment in 1976 after more than 40 years of mining work, appeals from the denial of his claim for black lung benefits. We affirm.
 
 
 2
 The administrative law judge concluded that the claimant was not totally disabled by pneumoconiosis, and her determination was affirmed by the Benefits Review Board. There is a dispute, however, between the parties about the basis of the ALJ's decision. The Board construed the ALJ decision as not invoking the interim presumption of total disability due to pneumoconiosis and concluded that there was substantial evidence to support that result. We read the decision of the ALJ to invoke the presumption but to hold that the presumption was rebutted.
 
 
 3
 From our review of the medical evidence, sufficient evidence supported the ALJ's decision to invoke the presumption. Some chest x-rays indicated the existence of pneumoconiosis; and under Stapleton v. Westmoreland Coal Co., 785 F.2d 424, 426-27 (4 Cir.1986), that was sufficient to invoke the presumption.
 
 
 4
 There was also substantial evidence to support the ALJ's further conclusion that "the Employer has successfully rebutted any presumption of the existence of pneumoconiosis and total disability in this case by showing with a vast preponderance of the evidence that claimant did not, indeed, have pneumoconiosis or any pulmonary impairment that is totally disabling." The evidence supporting this conclusion consisted of ventilatory studies, x-ray evidence, blood gas studies, and the medical opinions of examining physicians. Certain ventilatory studies showed results outside normal limits, but these were explained by claimant's lack of effort during the tests. Others gave results within normal limits. While there is medical opinion in evidence that claimant suffers from pneumoconiosis, there is also medical opinion of the contrary view which was based on clinical studies while some of the former opinions were not.
 
 
 5
 In short, we think that the ALJ considered all of the relevant evidence, and her ultimate finding of no disability has substantial evidentiary support.
 
 
 6
 AFFIRMED.